UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Farzin Modiri,

        Debtor.

_____/

Case No. 11-60088
Chapter 7
Hon. Steven Rhodes

**Opinion Regarding United States Trustee's Motion to Dismiss**

The United States Trustee has filed a motion to dismiss for abuse under 11 U.S.C. § 707(b). The United States Trustee contends that the debtor's expenses of $3,000.00 per month for rent and utility expenses and $1,000.00 per month for transportation expenses are excessive and that when these are adjusted to reasonable amounts, the debtor can repay his creditors a substantial dividend in a chapter 13 case.

The debtor filed an objection to the motion. The Court conducted an evidentiary hearing. For the reason stated herein, the motion is granted.[1]

The debtor's schedule I shows monthly average net income of $5,731.00. His schedule J shows average monthly expenses of $5,728.00. Other than the expense items to which the United States Trustee objects, the debtor's schedule I is unremarkable. Schedule F shows $81,850.00 in unsecured debt.

At the hearing, the debtor testified that sometime before he filed bankruptcy, he moved to Southern California to obtain a job as an engineer after a two-year layoff, although he still owns a home in Bloomfield Hills, Michigan that is in foreclosure. He states that he was compelled to rent

---

[1] The debtor does not dispute that his debts are primarily consumer debts.

his apartment at $3,000.00 per month because he was unable to find any other rental due to his bankruptcy. He also stated that he decided to rent vehicles on a short term basis from a car rental agency rather than try to buy a vehicle with an interest rate that would be high due to his bankruptcy. He commutes 80 miles per day round-trip and must also pay for tolls and parking. Those expenses, as well as the insurance that he obtains from the rental agency, are all included in his monthly transportation expense of $1,000.00.

Upon examination by the Court, the debtor admitted that his $3,000.00 per month apartment (including utilities) is virtually on the beach facing the Pacific Ocean in Laguna Beach. His living room and balcony face the ocean, the apartment complex's pool, the Pacific Coast Highway and the public beach adjacent to the ocean.[2]

The Court finds that the debtor's expenses for housing are not reasonably necessary for his support and are excessive. Plainly the debtor has rented an ocean-view apartment at a premium rental rate. The Court simply cannot credit the debtor's testimony that his bankruptcy prevented him from finding a less expensive rental. In this regard, the Court notes that the Central District of California is the highest filing district in the country for bankruptcy; it seems highly unlikely that any of those debtors have been forced to rent ocean-view apartments because of their bankruptcies.

In any event, when the debtor filed his petition, the applicable IRS local housing and utilities

---

[2] During the hearing, the Court inquired of counsel about taking judicial notice of the content of the website that appeared to be published by the management of the debtor's apartment complex under F.R.E. 201. The Court then requested post-trial briefs on the issue.

The Court concludes that the debtor's objection to this evidence should be sustained. Although the Court probably can take judicial notice of the existence of the website, that is not what is relevant. What might be relevant is the content of the website, but all of that is hearsay under F.R.E 802(c). It is an out of court statement offered to prove the truth of that content and therefore inadmissible under F.R.E. 802. Accordingly, the Court has not considered that evidence.

2

11-60088-swr    Doc 47    Filed 07/02/12    Entered 07/02/12 11:04:54    Page 2 of 4

standard for Orange County, California, was $1,509.00 for rent or mortgage costs and $490.00 for non-mortgage expenses, for a total of $1,999.00. Accordingly, if the debtor's housing expense comported with the IRS guideline, he would have $1,001.00 in additional net disposable income.

The Court further finds that the debtor's expenses for transportation are not reasonably necessary for his support and are excessive. The debtor has chosen the most expensive means of obtaining transportation - temporarily renting a car and purchasing insurance for it from a car rental agency. The Court has actually never seen this in any prior bankruptcy case; in the Court's experience, other debtors obtain basic transportation for a monthly expense of $300-$500, albeit sometimes at high interest rates. On this point, the Court notes that the applicable IRS transportation expense guideline is $295.00 for operating costs and $496.00 for ownership costs, for a total of $791.00. Accordingly, if the debtor's transportation expense comported with the IRS guideline, he would have an additional $209.00 in net disposable income.

These two considerations suggest a total additional monthly income of $1,210.00, which amounts to $72,600.00 in potential payments in a 60 month chapter 13 plan. The debtor's income is in excess of the state median income, as his means test form admits, so a 60 month plan would be required. *Baud v. Carroll*, 634 F.3d 327 (6th Cir. 2011). Certainly such a plan would pay a significant dividend on the potential unsecured claims of $81,850.00.[3]

Finally, the debtor asserts that mere ability to pay, by itself, is insufficient to constitute abuse under § 707(b)(1). When, as here, the presumption of abuse does not apply under § 707(b)(2), the test for abuse is set forth in § 707(b)(3)(B). This section states that the court shall consider whether

---

[3] The U.S. Trustee also asserts that the debtor's repayment of his 401(k) loan of $449 per month is an unreasonable expenditure. In light of its other findings and conclusions, the Court concludes that it is unnecessary to address this complex issue.

3

"the totality of circumstances . . . of the debtor's financial situation demonstrates abuse." Clearly, it is an abuse of chapter 7 for a debtor to seek a discharge of debts that the debtor can pay, since the purpose of bankruptcy is to grant relief to those debtors who cannot pay their debts. Moreover, it would be unfair to a debtor's creditors to grant bankruptcy relief if the debtor can repay those creditors. In *In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), the court stated:

> Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings. That factor alone may be sufficient to warrant dismissal. For example, a court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease.

*See also Behlke v. Eisen* (*In re Behlke*), 358 F.3d 429, 434-35 (6th Cir 2004).

In a consumer bankruptcy case, "the totality of circumstances . . . of the debtor's financial situation" consists of the debtor's income, expenses, assets and liabilities. Therefore, those are the factors that § 707(b)(3)(B) mandates the Court to consider. Based on the Court's consideration of those factors, it finds that this case is an abuse of chapter 7 because the debtor's financial situation strongly suggests that he can readily repay a substantial dividend to his creditors and that he does not need chapter 7 relief.

The Court will delay the entry of an order of dismissal for 14 days. If the debtor converts this case to a case under chapter 13 within that time, the case may continue. Otherwise, the Court will enter an order of dismissal.

For Publication

**Signed on July 02, 2012**

                                                                  /s/ Steven Rhodes
                                                                   **Steven Rhodes**
                                                                   **United States Bankruptcy Judge**